IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CEDRIC MARTIN                                                                    PLAINTIFF

v.                          Civil No. 4:14-cv-04009

DEWAYNE FLOYD;
NURSE N. BROWN; and
LIEUTENANT ADAMS                                                     DEFENDANTS

**<u>ORDER</u>**

Plaintiff filed this section 1983 action on January 9, 2014.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Currently before the Court are Plaintiff's: (1) first Motion to Supplement Complaint (ECF No. 5); (2) second Motion to Supplement Complaint (ECF No. 6); (3) third Motion to Supplement Complaint (ECF No. 9); (4) fourth Motion to Supplement Complaint (ECF No. 10); (5) fifth Motion to Supplement Complaint (ECF No. 11); (6) sixth Motion to Supplement Complaint (ECF No. 12); and (7) Motion to Appoint Expert (ECF No. 13).

## I.      BACKGROUND

In Plaintiff's original Complaint he names Dewayne Floyd, Nurse N. Brown, and Lieutenant Adams as Defendants.  Plaintiff claims that Defendant Floyd used harmful chemicals, specifically sulphuric acid, inside West A Pod on November 21, 2013 without properly ventilating the Pod. Plaintiff claims the fumes from the sulphuric acid harmed him.  Plaintiff also claims Defendants Brown and Adams denied him medical care relating to this incident on November 21, 2013.  ECF No. 1.

1

## II.    APPLICABLE LAW

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) ***Other Amendments***.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971).  Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile.  *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

## III.    ANALYSIS

### 1.    First Motion to Supplement Complaint (ECF No. 5)

In Plaintiff's first Motion to Supplement his Complaint he seeks to add more detail to the claims alleged.

Pursuant to Rule 15, Plaintiff is entitled to this amendment as a matter of right.

2

Accordingly, Plaintiff's first Motion to Supplement Complaint (ECF No. 5) is **GRANTED**.

      2.      Second Motion to Supplement Complaint (ECF No. 6)

In his second Motion to Supplement his Complaint, Plaintiff seeks to add more details and arguments to the allegations previously made in his Complaint.  Plaintiff does not seek to add any knew claims or Defendants to his Complaint.  The Court finds this supplement would be futile as it does not add any additional claims or Defendants to Plaintiff's Complaint.

Accordingly, Plaintiff's second Motion to Supplement (ECF No. 6) is **DENIED.**

      3.      Third Motion to Supplement Complaint (ECF No. 9)

In his third Motion to Supplement his Complaint, Plaintiff seeks to supplement his Complaint with new claims that occurred on January 22, 2014.   Plaintiff makes no connection between his allegations relating to his January 22, 2014 claims and the claims stated in his Complaint.  The Court need not grant Plaintiff leave to amend his Complaint when Plaintiff seeks to add claims unrelated to those alleged in his Complaint.  *Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992).  Further, Plaintiff could not possibly have exhausted the claims related to the January 22, 2014 incident before filing this lawsuit, as required by the Prison Litigation Reform Act, because the events occurred after Plaintiff filed this lawsuit on January 9, 2014.

Accordingly, Plaintiff's third Motion to Supplement (ECF No. 9) is **DENIED**.  Plaintiff may file a separate lawsuit concerning the January 22, 2014 incident if he wishes.

      4.      Fourth Motion to Supplement Complaint (ECF No. 10)

In Plaintiff's fourth Motion to Supplement his Complaint he seeks to support his claims regarding the January 22, 2014 incident by submitting grievances.  This supplement would be

futile as Plaintiff's claim relating to the January 22, 2014 incident is not a part of this case.

Accordingly, Plaintiff's fourth Motion to Supplement (ECF No. 10) is **DENIED.**

    5.    <u>Fifth Motion to Supplement Complaint (ECF No. 11)</u>

In Plaintiff's fifth Motion to Supplement his Complaint he seeks to add an additional denial of medical care claim regarding an incident on January 26, 2014.  As explained above, the Court need not grant Plaintiff leave to amend his Complaint when Plaintiff seeks to add claims unrelated to those alleged in his Complaint.  *Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992).  Furthermore, the Court again  notes, that Plaintiff could not possibly have exhausted, pursuant to the Prison Litigation Reform Act, the claims related to a January 26, 2014 incident before filing this lawsuit on January 9, 2014.

Accordingly, Plaintiff's fifth Motion to Supplement (ECF No. 11) is **DENIED.**  Plaintiff may file a separate lawsuit concerning the January 22, 2014 incident if he wishes.

    6.    <u>Sixth Motion to Supplement Complaint (ECF No. 12)</u>

Plaintiff's sixth Motion to Supplement his Complaint simply seeks to add more argument regarding the claims asserted in his original Complaint.  Plaintiff does not seek to add any knew claims or Defendants to his Complaint.  The Court finds this supplement would be futile as it does not add any additional claims or Defendants to Plaintiff's Complaint.

Accordingly, Plaintiff's sixth Motion to Supplement (ECF No. 12) is **DENIED.**

    7.    <u>Motion to Appoint Expert (ECF No. 13)</u>

In Plaintiff's Motion to Appoint Expert, he requests the Court appoint a medical expert to examine him.

Plaintiff proceeds in this matter *in forma pauperis*.  He makes no representations in his

Motion regarding the payment of his requested expert. The Court will not appoint an expert witness to testify in support of Plaintiff's claim at the cost of the government. Even though Plaintiff is proceeding *in forma pauperis* in this matter, 28 U.S. C. § 1915 does not authorize the payment of Plaintiff's cost incurred in litigating this section 1983 claim. *U.S. Marshals v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984). More specifically, Congress has not authorized the payment of an *in forma pauperis* plaintiff's expert witness fees. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008); *see also Kruitbosch v. Van De Veire,* 978 F.2d 1267 (10th Cir.1992) ("Congress has not made provision for payment of expert witness fees for indigent plaintiffs in civil actions").

Accordingly, Plaintiff's Motion to Appoint Expert (ECF No. 13) is **DENIED**.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's: (1) first Motion to Supplement Complaint (ECF No. 5) is **GRANTED**; (2) second Motion to Supplement Complaint (ECF No. 6) is **DENIED**; (3) third Motion to Supplement Complaint (ECF No. 9) is **DENIED**; (4) fourth Motion to Supplement Complaint (ECF No. 10) is **DENIED**; (5) fifth Motion to Supplement Complaint (ECF No. 11) is **DENIED**; (6) sixth Motion to Supplement Complaint (ECF No. 12) is **DENIED**; and (7) Motion to Appoint Expert (ECF No. 13) is **DENIED**.

The Clerk of the Court is **DIRECTED** to file Plaintiff's first Motion to Supplement (ECF No. 5) as a Supplement to his Complaint.

Further, the Clerk of the Court is **DIRECTED** to accept no further supplements, motions to supplement complaint, amendments, or motions to amend complaint from Plaintiff without prior approval from the Court. Plaintiff is not entitled to unlimited amendments to his

Complaint.  *Zenith Radio Corp.,* 401 U.S. at 330–32.  Plaintiff cannot continue to add Defendants and claims in this matter as new incidents occur.  Allowing such continuous amendments would be unduly prejudicial to Defendants and impede the resolution of this matter.

Additionally, the Clerk of the Court is **DIRECTED** to return to Plaintiff without filing any exhibits, evidence, or discovery request not appropriately attached to a motion.  Plaintiff will have an opportunity to present evidence to the Court in connection with a motion for summary judgment or at an evidentiary hearing.

**IT IS SO ORDERED this 15th day of July 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

6