IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CEDRIC MARTIN                                                                                          PLAINTIFF

v.                         Civil No. 4:14-cv-04009

DEWAYNE FLOYD;
NURSE N. BROWN; and
LIEUTENANT ADAMS                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Cedric Martin pursuant to 42 U.S.C. § 1983.  According to Plaintiff's address of record he is not currently incarcerated.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this matter.  After careful consideration, the Court makes the following Report and Recommendation.

**1.      BACKGROUND**

Plaintiff originally filed this case *pro se* on January 9, 2014.  ECF No. 1.  In his Complaint, Plaintiff claims his constitutional rights were violated when a toxic chemical was used inside the pod he was housed in and when he was subsequently denied medical care.  ECF No. 1.  According to Plaintiff's address of record he is no longer incarcerated.

Plaintiff was housed in the Miller County Detention Center ("MCDC") when he filed this Complaint. Plaintiff provided two separate notices of address change as he was transferred from the MCDC to the Arkansas Department of Corrections and then to the Bowie County Detention Center ("BCDC"). ECF Nos. 15, 17. On July 28, 2014 mail sent to the Plaintiff at the BCDC was returned as undeliverable and marked "not at this address." On September 10, 2014, the Court, upon its own research, changed Plaintiff's address of record to the home address Plaintiff provided the BCDC at booking. ECF No. 26.[1] This home address remains Plaintiff's address of record.

On December 15, 2014, Defendant Brown filed a Motion to Dismiss. ECF No. 31. Plaintiff did not file a response to this Motion. On January 26, 2015, the Court directed Plaintiff to file a response to the Motion to Dismiss by February 24, 2015. ECF No. 34. Plaintiff failed to do so. The January 26, 2015 Order was not returned to the Court as undeliverable mail.

Finally, Plaintiff has not communicated with the Court since July 15, 2014. ECF No. 20.

**2.     APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[1] The Court received mail sent to the BCDC returned as undeliverable on one other occasion (September 2, 2014) prior to changing Plaintiff's mailing address to his home address.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3. **DISCUSSION**

Plaintiff has failed to comply with the Court's January 9, 2014 Order advising him to keep the Court informed of his current address (ECF No. 3), and the January 26, 2015 Order directing him to file a response to Plaintiff's Motion to Dismiss (ECF No. 24). Further, Plaintiff has completely failed to prosecute this matter since being released from incarceration approximately nine months ago. Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule

5.5(c)(2); Fed. R. Civ. P. 41(b).

**4. CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of April 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE